*Houston & Buckner, for appellants. J. S. Bronough, for appellee.*

---

## WORDEN P. HOHN v. H. C. MIDDLETON.

**Recovery for Services in Building.**

If the owner in violation of his contract failed to erect a house, he is liable for the value of the contractor's services rendered in superintending and advising in its erection as far as it has been erected.

**Allegations in Petition.**

> While a petition for services rendered is defective when it fails to aver the value of such services, it is sufficient to support a verdict, as it states a cause of action.

### APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

April 12, 1879.

OPINION BY JUDGE COFER:

The appellee undertook to superintend the erection of the pork-house, and for his services and advice in so doing the appellant bound himself to lease an undivided one-half interest in it to the appellee for five years at an annual rental equal to six per cent. on one-half the agreed value of the ground, and one-half the cost of the building.

If the appellant, in violation of his contract, failed to erect the house, he is liable for the value of the appellee's services rendered in superintending and advising in its erection, as far as it has been erected. And if the house completed would have been worth a rental greater than that the appellee was to have paid, he is liable for that also; but no foundation was laid in the pleadings for anything more than a nominal recovery on that ground.

The allegations in respect to appellee's services we regard as sufficient to support a verdict and judgment for their value. He alleges that he rendered services in superintending the erection of the building, and while the petition was defective in not stating the value of the services, it still presented a cause of action. *Wintersmith v. Tabor,* 5 Bush 105. That no judgment could have been rendered by default for the services does not prove that the petition would have been bad on demurrer, or will not support a verdict. It is better pleading, however, to state the value of services sued for, and the court on motion of the appellant might have required the pleading to be amended by stating the value of the services.

But no recovery beyond nominal damages could be had on the petition as it stands for the failure to complete the house, so that the appellee might enjoy the lease. Whether he has sustained more than nominal damages depends upon the question whether the actual rental value of the one-half of the house would have been greater than the sum the appellee would have been compelled to pay under the terms of the lease. And in order to show a right to re-

cover, that the lease would have been worth more than the sum agreed to be paid should have been averred.

No sufficient foundation for a recovery on account of the loss of the ice was laid in the petition. That the appellant promised to complete the house without delay, and suggested and advised the appellee to put up ice, which was lost in consequence of the failure to complete the house as promised, did not make the appellant an insurer of the ice or render him liable for its loss in consequence of a lack of the shelter the house, if completed, would have afforded. If the appellant failed to provide shelter for the ice the appellee should have provided it himself, or have shown that he could not do so.

But the allegations as made do not show that the appellant would be liable even though the ice could not have been saved by proper effort on the part of the appellee. We do not understand the petition as containing an allegation that the appellant made a new promise in connection with his suggestion and advice to put up ice, that he would complete the house without delay. We understand the appellee to refer to the promise made in the contract originally entered into, and this certainly did not authorize him to put up ice, relying on the completion of the house to save it from loss.

All that part of the petition relating to ice should have been stricken out.

Nor does the petition show a right to recover for lost time, as such. But the appellee had undertaken to superintend the erection of the building and was bound to hold himself in readiness to do so at any and all times until advised of appellant's purpose not to complete it, and time lost while waiting to superintend the work whenever the appellant should conclude to go on with it should be taken into the account in estimating the value of his services.

The court erred in its second general instruction in failing to furnish the jury with the criterion of damages.

They should have been told that if they found for the plaintiff they should find the value of the appellee's services in superintending the erection of the building, and that if he was kept idle while waiting for the appellant to go on with the work they should take time so lost into account in estimating the value of his services, unless the work was suspended because it was not reasonably convenient to the appellant to go on with it, in which case no recovery could be had for time lost while the work was suspended.

Wherefore the judgment is reversed and the cause is remanded for a new trial upon principles not inconsistent with this opinion.

*Elliott & Atchison, Lane & Harrison, William Lindsay,* for appellant.

*C. H. Gibson,* for appellee.